NO. 07-04-0363-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 18, 2008

______________________________


IN RE NORTHWEST TEXAS HEALTHCARE SYSTEM, INC.

AND HARVEY ROSS SHADBOLT, CRNA, RELATORS

_________________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ. 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â By opinion dated April 27, 2005, this Court conditionally granted a writ of mandamus
in favor of Relators, Northwest Texas Healthcare System, Inc. and Harvey Ross Shadbolt,
C.R.N.A. in a health care liability suit brought by Real Parties in Interest, Susan Roberts
and John R. Roberts, Jr., individually and as next friends of their three minor children. 
Pursuant to Â§ 13.01(g) of the Medical Liability and Insurance Improvement Act,


 the trial
court granted the Roberts a thirty-day grace period in which to file their expert reports. This
Court concluded that the expert reports were conclusory and thus, insufficient to support
a grace period under Â§ 13.01(g) and conditionally granted a writ of mandamus.
Â Â Â Â Â Â Â Â Â Â On May 9, 2005, the Roberts filed a Petition for Writ of Mandamus in the Texas
Supreme Court seeking relief from this Courtâs decision. Based on its recent decision in
In re McAllen Medical Center, Inc., No. 05-0892, 2008 WL 2069837, 51 Tex. Sup. Ct. J.
893 (Tex. May 16, 2008), on June 6, 2008, the Supreme Court held that this Court erred
in granting Relatorsâ requested relief. Consequently, the Supreme Court conditionally
granted mandamus relief in favor of the Roberts and directed this Court to vacate our
previous order. 
Â Â Â Â Â Â Â Â Â Â Accordingly, we vacate our order of April 27, 2005 conditionally granting a writ of
mandamus directing the Honorable Don Emerson, Judge of the 320th District Court to
withdraw its prior order granting a thirty-day grace period to the Roberts in which to file their
expert reports. We also deny the Petition for Writ of Mandamus filed by Relators,
Northwest Texas Healthcare System, Inc. and Harvey Ross Shadbolt, C.R.N.A. on July 15,
2004.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam




"Medium List 1 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-00115-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL D

Â 



APRIL
26, 2011

Â 



Â 

NICOLE C. FERGUSON, APPELLANT

Â 

v.

Â 

THE STATE OF TEXAS, APPELLEE 



Â 



Â 

 FROM THE 100TH DISTRICT COURT OF
CARSON COUNTY;

Â 

NO. 3701; HONORABLE DAN MIKE BIRD, JUDGE



Â 



Â 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

Â 

Â 

ORDER OF ABATEMENT AND
REMAND

Â 

Appellant, Nicole C. Ferguson,
appeals the trial courtÂs judgment adjudicating guilt for the offense of felony
possession of marijuana.[1]Â  The clerkÂs record contains a certification
of appellantÂs right of appeal which was not signed by appellant.Â  

Effective September 1, 2007, Rule of
Appellate Procedure 25.2(d) was amended to require certifications executed
after the effective date to be signed by the appellant and a copy served on
him.Â  Tex. R. App. P. 25.2(d); Mason v. State, No. 07-07-0383-CR, 2008
Tex. App. Lexis 3956 (Tex.App.--Amarillo May 29,
2008) (per curiam order, not designated for
publication).Â  Consequently, we abate the
appeal and remand the cause to the 100th District Court of Carson County for
further proceedings.Â  On remand, the
trial court shall utilize whatever means it finds necessary to secure and file
with this court a certificate of right to appeal that complies with Rule
25.2(d).Â  Tex. R. App.
P. 25.2(d).

If necessary, the trial court shall
execute findings of fact, conclusions of law, and any necessary orders it may
enter regarding the aforementioned issues and cause its findings, conclusions,
and orders, if any, as well as a conforming certificate of appellantÂs right of
appeal to be included in a supplemental clerkÂs record.Â  If the trial court conducts a hearing in the
matter, it shall be stenographically recorded and the
transcription included in a supplemental reporterÂs record.Â  The trial court shall file the supplemental
clerkÂs record and the supplemental reporterÂs record, if any, with the clerk
of this court by May 26, 2010.

It is so ordered.

Per Curiam

Â 

Â 

Do not
publish. 

Â Â Â Â Â Â Â Â Â Â Â  











[1] See Tex.
Health & Safety Code Ann. Â§ 481.121(a),(b)(5) (West 2010) (the knowing or
intentional possession of a useable quantity of marijuana of 2,000 pounds or
less but more than 50 pounds is a second degree felony).Â  A second degree felony is punishable by
imprisonment for a term of not more than 20 years or less than 2 years and a
fine not to exceed $10,000.Â  Tex. Penal Code Ann. Â§ 12.33 (West Supp. 2010).